UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA E. TEKACH, | ) | CASE NO. 4:12cv2206 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| DAVID MIRKIN, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Patricia E. Tekach filed the above-captioned *in forma pauperis* complaint in this Court on August 29, 2012. She alleges her former employers, David and Jeff Mirkin ("the Mirkins"), discriminated against her in violation of "Title VII 2000e," based on her disability. Plaintiff seeks $1.5 million in damages.

BACKGROUND

Plaintiff states she is legally blind and suffers from "MS." For two weeks in 2008 she was hospitalized for reasons not disclosed in the complaint. During that time, the Mirkins allegedly sent work to her by facsimile through the hospital nurse's station. She claims they expected her to work while in the hospital "even though I have MS." (Compl. at 1.) Plaintiff was terminated from her job with the Mirkins on January 13, 2009.

In her prayer for relief, plaintiff avers she is entitled to recover lost wages she would have received had she remained employed with the Mirkins through her retirement. She also claims she is entitled to punitive damages for pain and suffering.

STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

FAILURE TO STATE A CLAIM

A. TITLE VII DISCRIMINATION

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, provides "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Clearly, Title VII does not address discrimination claims based on a disability.

B. AMERICANS WITH DISABILITIES ACT (ADA)

Even allowing for plaintiff's *pro se* status and liberally construing her complaint as a violation of the Americans with Disabilities Act (ADA), she has still failed to state a claim. The ADA makes unlawful "discriminat[ion] . . . because of" a person's disability, 42 U.S.C. § 12112(a), (b)(1).[1] The Court presumes that plaintiff is declaring that her legal blindness and MS

---

[1] The amendments to the ADA became effective in 2009, after the events giving rise to Plaintiff's lawsuit. Because the amendments do not apply retroactively, this Court will analyze the Complaint based on the earlier

qualify her as disabled. "Merely having an impairment does not make one disabled for purposes of the ADA." *Toyota Motor Mfg., Ky. v. Williams*, 534 U.S. 184, 195 (2002).

To seek protection as a disabled individual under the ADA requires more than a simple statement of disability. *See e.g., Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1186 (6th Cir.1996), *abrogated on other grounds by Lewis v. Humboldt Acquisition Corp*., 681 F.3d 312, 319 (6th Cir. 2012). The law shields from discrimination individuals with "impairments that limit an individual, not in a trivial or even moderate manner, but in a major way, to a considerable amount, or to a large degree." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 627 n. 12 (6th Cir.2000).

Because the ADA addresses discrimination within the workplace, an employee must still qualify for the position he or she holds. Plaintiff's claim, however, rests on an allegation that her employer required her to perform outside of her work environment. The complaint does not address her qualifications, only that her employer's actions created a *per se* violation of her rights because she was in the hospital. This does state a Title VII violation, nor a violation of the ADA.

Moreover, plaintiff claims her job was terminated in 2009, but that the allegedly discriminatory act occurred in 2008. Not only is there an unexplained gap between the time of the alleged violation and the time of her termination, but there is no allegation that: (1) she was fired for refusing to work while hospitalized; (2) she was hospitalized because of her disability; or (3) she requested an accommodation from her employer that was denied.

Although *pro se* pleadings are to be liberally construed, *Boag v. MacDougall*, 454

---

version. *See Milholland v. Sumner County Bd. of Educ*., 569 F.3d 562, 565(6th Cir.2009) (holding that "the ADA Amendments Act does not apply to pre-amendment conduct").

U.S. 364, 365 (1982), the generous construction of *pro se* pleadings is not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Federal Civil Rule 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard does not require "detailed factual allegations," but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Bald assertions without any further factual enhancement cannot satisfy basic pleading requirements. *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* Plaintiff's complaint does not state a claim for which federal relief is available.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e), but without prejudice to any state law claims she may seek to pursue. The Court certifies that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

Dated: September 26, 2012

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."